
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALEJANDRO FLORES,

        *Plaintiff*,

-against-

THE CUBAN REST. II LLC D/B/A THE
CUBAN RESTAURANT II LLC and
WILLIAM MARTINEZ.

        *Defendants.*

---------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
Case No.: 23-cv-1791

ALEJANDRO FLORES ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., and as against, WILLIAM MARTINEZ and THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a former employee of THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC owned and operated by the Defendant WILLIAM MARTINEZ.

2. Plaintiff was employed by Defendants as a cook at THE CUBAN RESTAURANT II LLC.

3. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours she worked each week.

4. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and minimum and overtime wage orders of the

New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

7. Plaintiff ALEJANDRO FLORES ("Plaintiff FLORES") is an adult individual residing in Suffolk County, New York. Plaintiff FLORES was employed by Defendants at THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC from May 2020 until approximately May 2022.

8. THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC is a domestic limited liability company organized and existing under the laws of the state of New York. It maintains its principal place of business at 95 W Main Street Patchogue, NY 11772.

9. Defendant WILLIAM MARTINEZ is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

10. Defendant WILLIAM MARTINEZ is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

11. Defendant WILLIAM MARTINEZ possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

12. Defendant WILLIAM MARTINEZ is the 100% owner of THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC and the president of the LLC. It is a closely held entity.

13. Defendant WILLIAM MARTINEZ had the power to hire and fire employees at THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC including Plaintiff.

14. Defendant WILLIAM MARTINEZ had the final word on all business decisions at THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC including the hiring of management.

15. Defendant WILLIAM MARTINEZ reviewed and controlled the financial records at THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC including payroll records and documents recording Plaintiff's wages and hours worked.

16. Defendant WILLIAM MARTINEZ was the general manager at THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC.

17. Defendant WILLIAM MARTINEZ had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC and in fact did so.

18. Defendant WILLIAM MARTINEZ hired and fired employees.

19. Defendant WILLIAM MARTINEZ determined the rates of pay of employees and dictated other terms of their employment at THE CUBAN RESTAURANT II LLC.

20. Defendant WILLIAM MARTINEZ willfully and maliciously implemented and ratified the pay practices alleged in this lawsuit through his managers who implemented his policies.

21. Defendant WILLIAM MARTINEZ willfully and maliciously attempted to thwart Plaintiff's ability to vindicate his rights under federal and state labor laws by directing his managers to pay Plaintiff in a mixture of cash and check, and with checks showing false information about Plaintiff's hours worked in order to hide a paper trail of the violations

## FACTUAL ALLEGATIONS

22. Defendants are associated and joint employers, act in the interest of each other.

23. Defendants share common operations and acted jointly in the operation of THE CUBAN RESTAURANT II LLC.

24. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

25. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

28. In each year from 2020 to 2023, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. Defendants were each experienced business owners and had full knowledge of the pay and notice requirements under federal and state law.

30. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

31. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items were sold daily at THE CUBAN RESTAURANT II LLC, such as food items, such as sea food empanadas, Cuban sandwiches, steak, quesadilla, salads, desserts, juices, and alcohol and other merchandise as well as cleaning supplies and packing supplies used by staff.

32. Defendants employed more than 11 employees at all relevant times.

*Plaintiff ALEJANDRO FLORES*

33. Plaintiff FLORES was employed by Defendants at THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC in 95 W Main Street Patchogue, NY 11772 from May 2020 through May 2022.

34. Throughout his employment with defendants, Plaintiff FLORES was employed at THE CUBAN REST. II LLC D/B/A THE CUBAN RESTAURANT II LLC as a cook and laborer.

35. Plaintiff FLORES work duties required neither discretion nor independent judgment.

36. Plaintiff FLORES was closely supervised and directed by Defendants in the scope of his tasks.

37. In his first year of employment, from approximately May 2020 through May 2021, Plaintiff FLORES typically worked seven (7) days per week from 10:00 A.M. to between 11:30 P.M. and 1:00 A.M.

38. From approximately May 2021 until April 2022, Plaintiff FLORES typically worked five days per week from Monday to Thursday from 10:00 A.M. until between 11:30 P.M. and 1:00 A.M. and on Fridays from 10:00 A.M. until 5:00 P.M.

39. From April 2022 to the end of his employ, Plaintiff FLORES worked four days per week from 10:00 A.M. until between 11:30 P.M. and 1:00 A.M.

40. During this period Plaintiff FLORES regularly worked in excess of 40 hours per week.

41. The Defendants paid Plaintiff FLORES in a mixture of cash and check at a fixed shift rate of $120.00 per shift.

42. Defendants never provided Plaintiff FLORES with each payment of wages a proper statement of wages, as required by NYLL 195(3).

43. Defendants never provided Plaintiff FLORES, a proper notice in English and in Spanish (Plaintiff FLORES primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

44. Defendant never issued Plaintiff spread of hours payments for shifts when Plaintiff worked over ten (10) hours in a 24-hour peri5d.

45. Plaintiff had complained about his pay including that it did not meet the minimum wage or overtime requirements provided by law.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

46. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

47. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

48. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

49. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

50. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51. At all times relevant to this action, Defendants were Plaintiff FLORES's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff FLORES, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

52. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

53. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

54. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

55. Defendants' failure to pay Plaintiff FLORES at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

56. Plaintiff FLORES was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

59. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

60. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

61. Plaintiff FLORES repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff FLORES employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

63. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff FLORES less than the minimum wage.

64. Defendants' failure to pay Plaintiff FLORES the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

65. Plaintiff FLORES was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

68. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

69. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

72. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

73. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

74. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages;

deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

75. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

10

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(l) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(m) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(n) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
March 8, 2023

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*